# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (BALTIMORE DIVISION)

JACQUELINE A. MILLER, Individually, and as
stockholder of Nominal Defendant,
Feldman Brothers, Inc.
7 Hunter Road
North Haledon, New Jersey 07508

Plaintiff,

v.                                                                    Civil No.:

DAVID F. MILLER
1204 Woodland Road
Salisbury Maryland 21801,

and

HANNAH M. MILLER
1204 Woodland road
Salisbury, Maryland 21801,

Defendants,

and

FELDMAN BROTHERS, INC.
150 West Market Street
Salisbury, Maryland 21801,

SERVE: DAVID F. MILLER
        Resident Agent
        150 West Market Street
        Salisbury, Maryland 21801,

        Nominal Defendant.

## COMPLAINT

Plaintiff, Jacqueline A. Miller, individually, and as a stockholder of Feldman Brothers Inc., and on behalf of Feldman Brothers, Inc., a Maryland close corporation, by her attorneys, Adam C. Harrison, Tracy L. Steedman and Harrison Law Group, sues Defendants, David F. Miller and Hannah M. Miller, and Nominal Defendant, Feldman Brothers, Inc., and for her reasons states as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff, Jacqueline A. Miller ("Mrs. Miller") is a resident of Passaic County, New Jersey. At all times relevant to these proceedings, Mrs. Miller is and was a stockholder of Feldman Brothers, Inc. ("Feldman Bros.").

2.      Upon information and belief, Nominal Defendant, Feldman Bros., is a Maryland close corporation and, at all times relevant to these proceedings, had its principle offices located at 150 Market Street, Salisbury, Maryland 21801 (the "Property"), was in the business of selling furniture and regularly carried on business in Wicomico County, Maryland.

3.      Upon information and belief, Defendant, David F. Miller ("David") is a resident of Wicomico County, Maryland and, at all times relevant to these proceedings, is and was an employee, officer, director and stockholder of Feldman Bros.

4.      Upon information and belief, Defendant, Hannah M. Miller ("Hannah") is a resident of Wicomico County, Maryland, and, at all times relevant to these proceedings, was and is an officer, director and stockholder of Feldman Bros.

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there exists complete diversity between the parties and the amount in controversy exceeds $75,000.00.

6.      Venue in this action is proper in this Court 28 U.S.C. § 1391 in that a substantial

2

part of the events giving rise to this action occurred in the State of Maryland.

## FACTUAL BACKGROUND

### CORPORATION

7.     Feldman Bros. was incorporated in 1929 by Samuel Feldman, Mrs. Miller's grandfather.  Harry Miller, father to Mrs. Miller and David, subsequently took over the business.

8.     Under Harry's leadership, Feldman Bros. thrived and as a result, acquired several assets in addition to the Property, which held and displayed the inventory of furniture for the business operations.

9.     Upon information and belief, these aforementioned assets included, but are not limited to, the following: an 80-acre farm located in Salisbury, Maryland; a warehouse located in Salisbury, Maryland; a personal residence, located in Salisbury, Maryland; and two (2) condominiums located in Ocean City, Maryland.

10.     On or around the death of Harry Miller, David took control of Feldman Bros., and soon thereafter, David, Hannah and Mrs. Miller became stockholders in Feldman Bros.

11.     Upon information and belief, Mrs. Miller's ownership interest, at approximately forty percent (40%), in Feldman Bros. is slightly less than David's.

12.     Upon information and belief, prior the death of Marjorie F. Miller ("Marjorie"), David and Mrs. Miller's mother, a shareholder meeting was held to elect new officers for Feldman Bros.  At that meeting, upon information and belief, David was made President and Hannah was made Secretary /Treasurer.  Mrs. Miller was not elected into office.

13.     Upon information and belief, under the new leadership of David and Hannah, the business of Feldman Bros. decreased and diminished while the corporate debt exponentially

3

increased.

14.     Immediately after the death of Marjorie, and upon information and belief, David sold the corporate assets of Feldman Bros., excluding the Property.

15.     Upon information and belief, David sold the following corporate assets, in addition to the inventory:  1) the 80-acre farm; 2) a warehouse; and 3) two condominiums in Ocean City, Maryland.

16.     Upon information and belief, the money received for the corporate assets is not recorded as an asset in the corporate books nor was it shown as a deposit in the corporate account.

17.     Upon information and belief, the only asset remaining of the corporation is the Property with the original building located at 150 West Market Street, Salisbury, Maryland 21801.  Upon further information and belief, any benefits received from the business operations are solely retained and used by David and Hannah.

18.     Upon information and belief, there have been no shareholder meetings held since the year 1980.

19.     Upon information and belief, David, as President of and for the benefit of Feldman Bros., has taken out several substantial loans.  Upon further information and belief, these loans total more than $1,000,000.00.  Upon further information and belief, David has represented to Mrs. Miller that Feldman Bros. is bankrupt.

20.     Mrs. Miller did, and has at all times relevant to these proceedings, demanded her right of inspection pursuant to Annotated Code of Maryland, Corporations and Associations Article, §§ 4-403 and 4-404.  David has persistently refused to allow Mrs. Miller to inspect the

corporate records or to provide an accounting of Feldman Bros. upon request.

21.     In 2002, the Feldman Bros. corporate charter was forfeited by the Maryland State Department of Assessments and Taxation ("SDAT") for failure to file its personal property tax and failure to pay late filing penalties.  To date, Feldman Bros.' charter has not been revived. A copy of the SDAT Forfeiture is attached hereto and incorporated by reference herein as **Exhibit "A"**.

22.     Upon information and belief, David and Hannah have formed another business entity and are conducting business in the name of that entity.  Upon further information and belief, David and Hannah entered into an illegal, fraudulent and oppressive scheme to deprive Mrs. Miller of all of her interest in Feldman Bros. by selling off and/or transferring all of the assets of Feldman Bros. to another business entity owned solely by David and Hannah.

23.     Mrs. Miller has made numerous demands upon David and Hannah to manage Feldman Bros. in a proper manner and in accordance with the fiduciary duties which David and Hannah, as officers, directors, and shareholders, owed to Feldman Bros. and Mrs. Miller, as shareholder.

24.     Any further demands upon David and Hannah to correct their illegal and tortious acts would be futile and not reasonably expected to bring about David and Hannah's good faith dealings with Feldman Bros. and Mrs. Miller.

MOTHER'S WILL

25.     Marjorie, mother to Mrs. Miller and David, died on or about March 14, 2003. According to Marjorie's will (the "Will"), Mrs. Miller and David were each to receive fifty percent (50%) of the assets of Marjorie's estate (the "Estate") respectively.  A copy of the Will is

5

attached hereto and incorporated by reference herein as **Exhibit "B"**.

26.     Prior to the death of Marjorie, David, after persuading Marjorie to do so, began transferring Marjorie's assets into the name of Feldman Bros.

27.     In addition, David purchased, but never resided in, Marjorie's residence, the residence she continued to reside in until she was transferred to a nursing home prior to her death.

28.     As a result, at the time of Marjorie's death, the only assets listed with the Register of Wills in Wicomico County, excluding the personal property that remained within the residence, were a car owned by Marjorie worth approximately $8,030.00 and a bank account worth $5,564.15.

29.     Upon information and belief, on or about the time of Marjorie's death, the residence contained personal property that Mrs. Miller was entitled to pursuant to the terms of the Will.

30.     David was named the personal representative for the Estate, and took control of Marjorie's remaining assets, including the remaining personal property. Upon information and belief, David, in his capacity as personal representative, made a distribution to the funeral home in the amount of $8,230.00.  Upon further information and belief, David sold the car and retained the proceeds from the sale.

31.     David, in his capacity as personal representative, refused to distribute the personal property as set forth in the Will, despite Mrs. Miller's repeated requests.  David, in his capacity as personal representative, placed a lock on the Marjorie's former residence, preventing Mrs. Miller's entry onto the premises.

32.     Upon information and belief, David subsequently sold some of Marjorie Miller's personal property through the business currently operating at the Property, retained some of the personal property for himself and Hannah, and gave some of the personal property to friends or other family members.  Upon further information and belief, David and Hannah reaped the benefits of the sale of the personal property and continue to enjoy the property they personally possess.

**COUNT I**
STOCKHOLDERS DERIVATE ACTION
(Conversion – David and Hannah)

33.     Mrs. Miller, individually and as a stockholder of Feldman Bros., hereby incorporates Paragraphs one (1) through Twenty- Four (24) as if fully set forth herein.

34.     David and Hannah as officers, directors and stockholders of Feldman Bros., have for a substantial period of time willfully and intentionally, and without the authorization of Feldman Bros., converted and misappropriated the assets of Feldman Bros., including but not limited to real and personal property, funds, records, goodwill, and customers of Feldman Bros.

35.     Feldman Bros.' assets, excluding the Property located at 150 Market Street, Salisbury Maryland, were, at the direction of David and Hannah, either sold or transferred to another entity owned and operated by David and Hannah.

36.     All of the aforesaid acts of David and Hannah, owing a duty to Feldman Bros. as officers and directors, were unlawful, intentional, wanton, without legal justification or excuse and done with evil and malicious motive, with the purpose of injuring and causing financial loss to Feldman Bros.

37.     As a direct and proximate result of David and Hannah's actions, Feldman Bros.

has suffered and will continue to suffer substantial financial loss and damages including, but not limited to, any and all profits realized by David and Hannah as a result of their tortious acts.

**WHEREFORE**, Plaintiff, Jacqueline A. Miller, individually and on behalf of Nominal Defendant, Feldman Brothers, Inc., demands Judgment in favor of Jacqueline A. Miller and Feldman Brothers., Inc., against Defendants, David F. Miller and Hannah M. Miller, in the amount of Five Hundred Thousand Dollars ($500,000.00) compensatory damages, the exact amount to be determined at trial, and Five Hundred Thousand Dollars ($500,000.00) punitive damages, prejudgment interest, interest, attorney's fees, suit monies, and costs.

<u>**COUNT II**</u>
STOCKHOLDERS DERIVATE ACTION
(Breach Of Fiduciary Duties – David And Hannah)

38.    Mrs. Miller, individually, and as a stockholder of Feldman Bros., hereby incorporates Paragraphs one (1) through Thirty-Seven (37) as if fully set forth herein.

39.    Since the death of Harry Miller and transfer of the ownership interest, David and Hannah have been officers, directors and stockholders of Feldman Bros.  Upon information and belief, their combined ownership interest exceeds fifty percent (50%).

40.    As officers, directors and stockholders of Feldman Bros., David and Hannah were required to perform and exercise their duties in good faith and with loyalty, in a manner which David and Hannah reasonably believed to be in the best interest and benefit of Feldman Bros. and with the care that ordinary, prudent people in like positions would use under similar circumstances, without any self-interest or self-dealing.

41.    David and Hannah breached their fiduciary duties owed to Feldman Bros. and to Mrs. Miller by their intentional, malicious and fraudulent actions, including but not limited to:

converting assets of Feldman Bros. to their own use; intentionally causing financial harm to Feldman Bros. and Mrs. Miller, as shareholder, through concealment and non-disclosure of corporate transactions; and conspiring against Mrs. Miller to squeeze out Mrs. Miller from Feldman Bros. by starting a new business entity, which upon information and belief, operates a similar business as Feldman Bros.

42.   All of the aforesaid acts of David and Hannah, owing a duty to Feldman Bros. as officers and directors, were unlawful, intentional, wanton, without legal justification or excuse and done with evil and malicious motive, for the purpose of injuring and causing financial loss to Feldman Bros. and Mrs. Miller.

43.   David's and Hannah's aforesaid actions were not in good faith, in the best interest of the corporation nor were taken with the care that ordinarily prudent people in like positions would use under similar circumstances.

44.   As a direct and proximate result of David and Hannah's breaches of their fiduciary duties owed Feldman Bros., Feldman Bros. has suffered substantial financial loss and damages including but not limited to all profits realized by David and Hannah as a result of their tortious acts.

**WHEREFORE**, Plaintiff, Jacqueline A. Miller, individually and on behalf of Nominal Defendant, Feldman Brothers, Inc., demands Judgment in favor of Jacqueline A. Miller and Feldman Brothers., Inc., against Defendants, David F. Miller and Hannah M. Miller, in the amount of Five Hundred Thousand Dollars ($500,000.00) compensatory damages, the exact amount to be determined at trial, and Five Hundred Thousand Dollars ($500,000.00) punitive damages, prejudgment interest, interest, attorney's fees, suit monies, and costs.

## COUNT III
### STOCKHOLDER DERIVATE ACTION
(Civil Conspiracy – David And Hannah)

45.     Mrs. Miller, individually, and as a stockholder of Feldman Bros., hereby incorporates Paragraphs One (1) through Forty-Four (44) as if fully set forth herein.

46.     David and Hannah at all times relevant hereto were officers, directors and stockholders of Feldman Bros., and, upon information and belief, collectively hold a majority share of the authorized and outstanding shares of stock of Feldman Bros.

47.     As officers, directors and stockholders of Feldman Bros., as a close corporation, David and Hannah owed Feldman Bros. and its stockholders, duties of good faith and fair dealing, duty of loyalty and other fiduciary duties.

48.     Upon information and belief, David and Hannah conceived a scheme to effectively bankrupt Feldman Bros. by selling off all but one of its assets and to use the proceeds of those sales in furtherance of their own illegal enterprise and worked in concert in order to achieve their objectives.

49.     All of the aforesaid acts of David and Hannah unlawful, intentional, wanton, without legal justification or excuse and done with evil and malicious motive for the purpose of injuring and causing financial loss to Feldman Bros. and Mrs. Miller, as stockholder.

50.     As a direct and proximate result of the actions of David and Hannah, both Feldman Bros. and Mrs. Miller have suffered substantial financial loss and damages including but not limited to any and all proceeds realized by David and Hannah as a result of their tortious acts.

**WHEREFORE**, Plaintiff, Jacqueline A. Miller, individually and on behalf of Nominal

Defendant, Feldman Brothers, Inc., demands Judgment in favor of Jacqueline A. Miller and Feldman Brothers., Inc., against Defendants, David F. Miller and Hannah M. Miller, in the amount of Five Hundred Thousand Dollars ($500,000.00) compensatory damages, the exact amount to be determined at trial, and Five Hundred Thousand Dollars ($500,000.00) punitive damages, prejudgment interest, interest, attorney's fees, suit monies, and costs.

## COUNT IV
### SHAREHOLDER DERIVATIVE ACTION
(Constructive Fraud – David And Hannah)

51.     Mrs. Miller, individually, and as a stockholder of Feldman Bros., hereby incorporates Paragraphs One (1) through Fifty (50) as if fully set forth herein.

52.     David and Hannah, at all times relevant hereto, were officers, directors and stockholders of Feldman Bros., a close corporation.   Upon information and belief, their collective ownership interest is over fifty percent (50%) of the authorized and outstanding stock of Feldman Bros.

53.     By virtue of David and Hannah's positions as officers of Feldman Bros., David and Hannah owed fiduciary duties to Mrs. Miller, as stockholder.  Mrs. Miller reposed trust and confidence in David and Hannah, both of which who had control and influence over all aspects of Feldman Bros.

54.     David and Hannah owed the duty to properly manage Feldman Bros. and prevent conversion of Feldman Bros.' assets.

55.     David and Hannah, intentionally, with malice, and/or reckless disregard for Mrs. Miller's rights as a stockholder, breached their fiduciary duties to Mrs. Miller, by poorly managing the business operations of Feldman Bros.

11

**WHEREFORE**, Plaintiff, Jacqueline A. Miller, individually and on behalf of Nominal Defendant, Feldman Brothers, Inc., demands Judgment in favor of Jacqueline A. Miller and Feldman Brothers., Inc., against Defendants, David F. Miller and Hannah M. Miller, in the amount of Five Hundred Thousand Dollars ($500,000.00) compensatory damages, the exact amount to be determined at trial, and Five Hundred Thousand Dollars ($500,000.00) punitive damages, prejudgment interest, interest, attorney's fees, suit monies, and costs.

**COUNT V**
SHAREHOLDER DERIVATE ACTION
(CONSTRUCTIVE TRUST)

56.     Mrs. Miller, individually, and as a stockholder of Feldman Bros., hereby incorporates Paragraphs One (1) through Fifty-Five as if fully set forth herein.

57.     David and Hannah, at all times relevant hereto, were officers, directors and stockholders of Feldman Bros., a close corporation.   Upon information and belief, their collective ownership interest is over fifty percent (50%) of the authorized and outstanding stock of Feldman Bros.

58.     Mrs. Miller, is a minority shareholder of Feldman Bros., and owns approximately forty percent (40%) of the authorized and outstanding stock of Feldman Bros.

59.     There exists a confidential relationship between Feldman Bros., Mrs. Miller, as shareholder, and David and Hannah, as officers, directors and stockholders of Feldman Bros.

60.     David and Hannah breached their confidential relationships owed to Feldman Bros. by intentionally, maliciously and fraudulently converting the assets of Feldman Bros. to their own use.

61.     As a direct and proximate result of the actions of David and Hannah, David and

Hannah have been unjustly enriched by converting and obtaining the funds and property of Feldman Bros., which property rightfully belongs to Feldman Bros.

**WHEREFORE**, Plaintiff, Jacqueline A. Miller, individually and for the use and benefit of Nominal Defendant, Feldman Brothers, Inc., requests that this Court:

A.     Charge upon all funds and property held or formed by David F. Miller, Hannah M. Miller and Feldman Bros., a constructive trust for the benefit of Feldman Bros., for all assets converted, diverted, misappropriated and/or received by David F. Miller and Hannah M. Miller; and

B.     Grant such other and further relief as the Court deems just.

## COUNT VI
### STOCKHOLDERS DERIVATE ACTION
(Accounting – David and Hannah)

62.     Mrs. Miller, individually, and as a stockholder of Feldman Bros., hereby incorporates Paragraphs one (1) through Sixty-One (61) as if fully set forth herein.

63.     Upon information and belief, David and Hannah, as officers and directors of Feldman Bros., have converted funds and assets of Feldman Bros. to their own use.

64.     David and Hannah, as officers and directors, were under a legal duty to account to Feldman Bros. and Mrs. Miller, upon request, for said funds and assets.

65.     Demand has been made upon David and Hannah to account to Feldman Bros. for its financial transactions and they have, without reason or justification, failed and refused to make any accounting with regard to said conversion which constitutes an attempt to defraud Feldman Bros. of funds and assets which are the property of Feldman Bros.

**WHEREFORE**, Plaintiff, Jacqueline A. Miller, individually and, for the use and benefit

of Nominal Defendant, Feldman Bros. Inc., requests that:

A.     Defendants, David F. Miller and Hannah M. Miller, be directed by an Order of this Court to fully and completely account to Jacqueline A. Miller and Feldman Brothers, Inc., for all sums owed Feldman Bros. which were converted by David F. Miller and Hannah M. Miller;

B.     Judgment be rendered against Defendants, David and Hannah, in the sums found to be due by David F. Miller and Hannah M. Miller, to Jacqueline A. Miller, individually, and for the use and benefit of Feldman Brothers, Inc., on such accounting, with prejudgment interest, interest, attorney's fees, suit monies and costs thereupon.

C.     Grant such other and further relief as the Court deems just.

## COUNT VII
### DIRECT ACTION OF MRS. MILLER
(Breach Of Fiduciary Duties – David And Hannah)

66.     Mrs. Miller, individually, and as a stockholder of Feldman Bros., hereby incorporates Paragraphs One (1) through Sixty-Five (65) as if fully set forth herein.

67.     Mrs. Miller was, and is at all times relevant to these proceedings, a stockholder of Feldman Bros.

68.     During said times, upon information and belief, David and Hannah owned a majority of the shares of Feldman Bros. and, thereby, controlled the hiring and discharge of employees of Feldman Bros., election of officers and directors of Feldman Bros., and other managerial and operational tasks of and for Feldman Bros.

69.     David and Hannah, illegally and without legal justification or excuse and with evil and malicious motive, in order to in all respects deprive Mrs. Miller of the value of her

14

ownership of stock of Feldman Bros., and converted all of the assets of Feldman Bros. to their own use and caused Feldman Bros. to incur substantial debts as a direct result therefrom.

70.     David's and Hannah's aforesaid actions were not in good faith, in the best interest of the corporation nor were taken with the care that ordinarily prudent people in like positions would use under similar circumstances.

71.     All of the aforesaid acts were done in breach of the fiduciary duties which David and Hannah and owed to Mrs. Miller as a stockholder of Feldman Bros.

72.     Said acts were done for the purpose of squeezing out Mrs. Miller from any increased ownership interest and value in Feldman Bros.

73.     All of the aforesaid acts of David and Hannah were unlawful, intentional, wanton, without legal justification or excuse and done with evil and malicious motive for the purpose of injuring and causing financial loss to Mrs. Miller.

74.     As a direct and proximate result of the acts of David and Hannah, Mrs. Miller has sustained substantial financial loss and damages, including but not limited to her loss in the value of Mrs. Miller's stock in Feldman Bros., and any and all proceeds realized by David and Hannah as a result of the illegal and tortious acts. .

**WHEREFORE**, Plaintiff, Jacqueline A. Miller, individually, and as stockholder, demands Judgment in favor of Jacqueline A. Miller, against Defendants, David F. Miller and Hannah M. Miller, in the amount of Five Hundred Thousand Dollars ($500,000.00) compensatory damages, the exact amount to be determined at trial, and Five Hundred Thousand Dollars ($500,000.00) punitive damages, prejudgment interest, interest, attorney's fees, suit monies, and costs.

15

**COUNT VIII**
DIRECT ACTION OF MRS. MILLER
(Civil Conspiracy – David and Hannah)

75.     Mrs. Miller, individually, hereby incorporates Paragraphs One (1) through Seventy-Four (74) as if fully set forth herein.

76.     David and Hannah, at all times relevant hereto, were officers, directors and stockholders of Feldman Bros., a close corporation.   Upon information and belief, their collective ownership interest is over fifty percent (50%) of the authorized and outstanding stock of Feldman Bros.

77.     Mrs. Miller is a stockholder of Feldman Bros. and owns approximately forty percent (40%) of the authorized and outstanding stock of Feldman Bros.

78.     As majority stockholders of Feldman Bros., David and Hannah owed Feldman Bros. and Mrs. Miller, as a minority stockholder, fiduciary duties including, but not limited to, the duty of good faith and fair dealing in the interests and affairs of Feldman Bros. and a requisite duty of care.

79.     Upon information and belief, David and Hannah conceived a scheme to effectively bankrupt Feldman Bros. and ultimately devaluing the stock in furtherance of their own illegal enterprise and worked in concert in order to achieve their objectives.

80.     All of the aforesaid acts of David and Hannah were unlawful, intentional, wanton, without legal justification or excuse, and done with evil and malicious motive for the purpose of injuring and causing financial loss to Mrs. Miller.

81.     As a direct and proximate result of the actions of David and Hannah, Mrs. Miller has incurred substantial financial loss and damages including but not limited to loss of the value

of Mrs. Miller's stock in Feldman Bros., and any and all proceeds realized by David and Hannah as a result of their illegal and tortious acts.

**WHEREFORE**, Plaintiff, Jacqueline A. Miller, individually, and as stockholder, demands Judgment in favor of Jacqueline A. Miller, against Defendants, David F. Miller and Hannah M. Miller, in the amount of Five Hundred Thousand Dollars ($500,000.00) compensatory damages, the exact amount to be determined at trial, and Five Hundred Thousand Dollars ($500,000.00) punitive damages, prejudgment interest, interest, attorney's fees, suit monies, and costs.

**COUNT IX**
DIRECT ACTION OF MRS. MILLER
(Constructive Fraud – David and Hannah)

82.     Mrs. Miller, individually, hereby incorporates Paragraphs One (1) through Eighty-One (81) as if specifically set forth herein.

83.     David and Hannah, at all times relevant hereto, were officers, directors and stockholders of Feldman Bros., a close corporation.   Upon information and belief, their collective ownership interest is over fifty percent (50%) of the authorized and outstanding stock of Feldman Bros.

84.     By virtue of David and Hannah's positions as officers and/or directors of Feldman Bros., David and Hannah owed fiduciary duties to Mrs. Miller, as stockholder.   Mrs. Miller reposed trust and confidence in David and Hannah, both of which who had control and influence over all aspects of Feldman Bros.

85.     David and Hannah owed the duty to properly manage Feldman Bros. and prevent conversion of Feldman Bros.' assets.

86.    David and Hannah, intentionally, with malice, and/or reckless disregard for Mrs., Miller's rights as a stockholder, breached their fiduciary duties to Mrs. Miller, by poorly managing the business operations of Feldman Bros.

87.    As a direct and proximate result of their actions, Mrs. Miller suffered damages.

**WHEREFORE**, Plaintiff, Jacqueline A. Miller, individually, and as stockholder, demands Judgment in favor of Jacqueline A. Miller, against Defendants, David F. Miller and Hannah M. Miller, in the amount of Five Hundred Thousand Dollars ($500,000.00) compensatory damages, the exact amount to be determined at trial, and Five Hundred Thousand Dollars ($500,000.00) punitive damages, prejudgment interest, interest, attorney's fees, suit monies, and costs.

## COUNT X
### DIRECT ACTION OF MRS. MILLER
### (BREACH OF FIDUCIARY DUTY - DAVID)

88.    Mrs. Miller, individually, hereby incorporates Paragraphs One (1) through Thirty-Two (32) as if fully set forth herein.

89.    David, at all times relevant hereto, was the personal representative of the Will, of which both David and Mrs. Miller were the beneficiaries.

90.    The Will required that the tangible personal property of Marjorie be distributed to David and to Mrs. Miller in equal shares of fifty percent (50%).

91.    David failed and refused to distribute the property as required, thereby breaching his fiduciary duty to Mrs. Miller as a beneficiary of the Will.

**WHEREFORE**, Plaintiff, Jacqueline A. Miller, demands Judgment against Defendant,

David F. Miller, in the amount of $100,000.00, the exact amount to be determined at trial, plus

prejudgment interest, interest, attorney's fees, suit monies, and costs, and such other and further

relief that the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff, Jacqueline A. Miller, hereby demands a jury trial in the above-captioned case.

_Adam C. Harrison /tl,_
ADAM C. HARRISON
Federal Bar No.: 09416

_TL Steedman_
TRACY L. STEEDMAN
Federal Bar No.: 27420

HARRISON LAW GROUP
40 West Chesapeake Avenue
Suite 600
Towson, Maryland 21204
Phone: (410) 832-0000
Facsimile: (410) 832-9929
aharrison@harrisonlawgroup.com
tsteedman@harrisonlawgroup.com
Counsel for Plaintiff, Jacqueline A. Miller